UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASEN TODD SMITH,

       Petitioner,

                                CASE NO. 08-CV-14239
v.                                    HONORABLE AVERN COHN

SHERRY BURT,

       Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jasen Todd Smith ("Petitioner") is a state prisoner. He was convicted of three counts of possession of child sexually abusive material following a guilty plea and is serving a sentence of concurrent terms of two to four years imprisonment, imposed on December 4, 2006.[1] Although his pleadings are full of legalese and are somewhat difficult to follow, Petitioner seems to assert that the state court lacked jurisdiction and that the trial judge and the attorneys involved in his case lacked the proper authority and licensing to act in his criminal proceedings. For the reasons that follow, the petition will be dismissed for failure to state a claim upon which relief may be granted.

II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the

---

[1] See Michigan Department of Corrections Offender Tracking Information System ("OTIS").

face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. Id. A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. Id. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court denies with prejudice the petition for writ of habeas corpus.

III.

As an initial matter, Petitioner has failed to demonstrate that he has exhausted his state court remedies as to the claims contained in his petition. A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160. Petitioner has not done so.

Even though it appears that Petitioner has not exhausted his habeas claims in

2

the state courts, the exhaustion requirement is not a jurisdictional prerequisite for bringing a habeas petition.  See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, see Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  See Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  As explained below, the interests of justice are best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

Petitioner claims that he is entitled to habeas relief because the State of Michigan, the trial judge, and the attorneys involved in his case lacked the proper jurisdiction, authority, and licensing to act in his criminal proceedings.  Specifically, he asserts the trial judge and the attorneys are not properly licensed to practice law in Michigan because they are not licensed in accordance with the British Accredited Registry (BAR) established in Boston in 1791, and claims that they are foreign agents who are not properly registered under 22 U.S.C. §§ 611 and 612.  Petitioner contends that "he has been forced onto Servitude by the State of Michigan/STATE OF MICHIGAN on behalf of his Private Property . . . by citizens Acting as Foreign Agents that have Failed to Register and pay the License Fee in accordance with the United States Provisions."

The determination of whether a state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976).  It is well-

3

settled that a perceived violation of state law may not provide a basis for federal habeas relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A state court's interpretation of jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review.  See Strunk v. Martin, 27 Fed. Appx. 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001).  Thus, to the extent that Petitioner challenges the state court's jurisdiction over his criminal case, he fails to state a claim upon which federal habeas relief may be granted.

Furthermore, Petitioner's jurisdictional and licensing claims clearly lack merit.  Federal courts have rejected similar habeas claims as being frivolous.  See, e.g., Brisbois v. Deegan, No. 1:08-CV-399, 2008 WL 2714127, *2-3 (W.D. Mich. July 7, 2008) (adopting magistrate judge's report summarily dismissing habeas case by a Michigan prisoner raising identical jurisdictional and licensing claims); Headings v. Schmidt, No. 1:07-CV-933, 2008 WL 324275, *2 (W.D. Mich. Feb. 5, 2008) (same); see also Hamby-Bey v. Bergh, No. 08-CV-13284, *2, 2008 WL 3286227 (E.D. Mich. Aug., 2008) (summarily dismissing habeas petition challenging the State of Michigan's jurisdiction); Evans v. Lafler, No. 4:06-CV-151, 2007 WL 1101176, *4 (W.D. Mich. April 5, 2007) (adopting magistrate judge's report denying habeas relief where Michigan prisoner claimed that state courts lacked jurisdiction to try him because they never acquired a security interest over him under the Uniform Commercial Code); Van Hazel v. Luoma, No. 05-CV-73401-DT, 2005 WL 2837356, *2 (E.D. Mich. Oct. 27, 2005) (citing cases).  Petitioner's claims here challenging the jurisdiction of the state court and the authority and licensing of the trial judge and attorneys involved in his criminal case

are equally frivolous.[2]

IV.

For the reasons stated above, Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the petition is DISMISSED.

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was mailed to Jasen Smith, 625071, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 the attorneys of record on this date, October 24, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5160

---

[2] Petitioner's claims also appear to be barred by the one-year statute of limitations applicable to federal habeas actions given that Petitioner was sentenced on December 4, 2006 and did not file the present petition until October 10, 2008. See 28 U.S.C. § 2244(d). Petitioner has presented no arguments for statutory or equitable tolling of the one-year period.